UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROL AND MICHAEL ROUILLIER | CIVIL ACTION |
| VERSUS | NO. 22-1891-WBV-DPC |
| ALLSTATE INSURANCE COMPANY | SECTION: D (2) |

ORDER AND REASONS

Before the Court is an Unopposed Motion to Remand, filed by Defendant Allstate Insurance Company.[1] According to the Motion, and the exhibit attached thereto, Plaintiffs Carol Rouillier and Michael Rouillier agree that this case should be remanded to state court.[2]

After considering the Motion, the attached exhibit, and the applicable law, for the reasons expressed below, the Motion to Remand is **GRANTED** and this matter is hereby **REMANDED** to the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

I. FACTUAL AND PROCEDURAL BACKGROUND

On or about May 18, 2022, Carol Rouillier and Michael Rouillier ("Plaintiffs") filed a Petition for Damages against Allstate Insurance Co. ("Defendant") in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, seeking damages related to an insurance dispute arising from destruction caused to plaintiffs'

---

[1] R. Doc. 6.
[2] *Id*. at p. 2 (*citing* R. Doc. 6-2).

property by Hurricane Ida.[3] On June 22, 2022, Defendant filed a Notice of Removal, asserting that this Court has subject matter jurisdiction over Plaintiffs' insurance case based upon 28 U.S.C. § 1332, diversity jurisdiction.[4]

On August 3, 2022, Defendant filed the instant Motion to Remand, asserting that this case should be remanded to state court for lack of jurisdiction based upon Plaintiffs' Stipulation that the amount in controversy is less than $75,000.00, exclusive of interest and costs.[5] Defendant attached a copy of Plaintiffs' Stipulation to the Motion.[6] Plaintiffs' Stipulation states that, "the total amount of damages claimed . . . does not exceed the sum or value of $75,000.00," and further stipulates that neither Plaintiffs nor their counsel will, at any time, "file a motion to supplement and/or amend their Petition for Damages . . . for the purpose of claiming that the amount in controversy of his [sic] claims is more than $75,000.00."[7] Moreover, Plaintiffs' Stipulation expressly states that "this Stipulation as to amount in controversy is made knowingly and voluntarily by them for the purpose of preventing removal of the present action," to this Court.[8]

In the Motion, Defendant asserts that Defendant "is not opposed to Plaintiffs' stipulation and agrees that this matter should be remanded."[9] As such, the Motion to Remand is unopposed.

---

[3] *Id.* at p. 1.
[4] R. Doc. 1 at ¶ 5.
[5] R. Doc. 6.
[6] R. Doc. 6-2.
[7] *Id.*
[8] *Id.*
[9] R. Doc. 6 at p. 3.

## II. LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[10] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[11] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[12] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[13] The removing party has the burden of proving federal diversity jurisdiction.[14] If a defendant meets that burden, the plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to obtain a remand.[15] Remand is proper if at any time the court lacks subject matter jurisdiction.[16]

Having reviewed the Unopposed Motion to Remand and Plaintiffs' Stipulation, the Court finds that the Stipulation establishes with legal certainty that Plaintiffs' claims for damages fall below $75,000.00. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and this matter must be remanded.

---

[10] 28 U.S.C. § 1441(a).
[11] *Id.* § 1332(a)–(a)(1).
[12] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed.").
[13] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).
[14] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[15] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[16] *See* 28 U.S.C. § 1447(c).

## III.  CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant's Unopposed Motion to Remand[17] is **GRANTED.**  This matter is hereby **REMANDED** to the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, August 19, 2022.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[17] R. Doc. 6.